DANIEL SIMON, Oregon State Bar ID Number 124544
Deputy City Attorney
Email: dan.simon@portlandoregon.gov
Office of City Attorney
1221 SW 4th Avenue, Suite 430
Portland, OR  97204
Telephone: (503) 823-4047
Facsimile: (503) 823-3089
Attorney for Defendants

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **JOSEPH WALSH,** | 3:17-cv-01899-PK |
| **PLAINTIFF,** | |
| v. | **DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION TO MAKE MORE DEFINITE AND CERTAIN** |
| **CITY OF PORTLAND OR; MAYOR TED WHEELER; PORTLAND POLICE BUREAU,** | |
| **DEFENDANT.** | |

Defendants reply to "Plaintiff's Response to Defendant's request for Dismissal" ("Plaintiff's Response"), docket #19, as follows:

### A.  Plaintiff Fails to State a Claim for Relief Under 42 U.S.C. § 1983.

Plaintiff's Response fails to address Defendants' argument that Plaintiff has failed to state a valid Section 1983 claim against any of the Defendants (*See* Defendants' Motion to Dismiss, or in the Alternative, Motion to Make More Definite and Certain, "Defendants' Motion," docket #15, at Sec. C.1). Instead, Plaintiff's Response alleges a bare citation to the first amendment and raises additional facts not previously pled in his Complaint. Plaintiff does not address or explain how his Complaint states a claim for violation of First Amendment rights. Additionally, Plaintiff

Page  1  –    DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS, OR IN THE
               ALTERNATIVE, MOTION TO MAKE MORE DEFINITE AND CERTAIN

PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVENUE, RM 430
PORTLAND, OREGON 97204
(503) 823-4047

does not address his failure to allege a City policy resulted in the alleged deprivation, which is required for City liability under *Monell v. Dept. of Social Services of City of New York*, 436 U.S. 658 (1978).

Even if the Court relies on the new allegations raised for the first time in Plaintiff's Response, Plaintiff still fails to state a claim.[1] According to Plaintiff, he witnessed a "cloud of smoke" coming towards him from "Terry Shrunk Park" across the street from where he was sitting on a bench.[2] (Plaintiff's Response, at 3). Another individual pulled Plaintiff out of the park, and it is not clear from Plaintiff's complaint or response whether he came into contact with the smoke. (*Id*). Plaintiff also alleges that police fired rubber bullets and used concussion grenades as he left the park, but he does not specify if those munitions were directed at him. (*Id*). Finally, Plaintiff alleges that he was in fear for a few days of whether he was exposed to a chemical, and that he feared being arrested or injured by police. None of those new allegations are sufficient to state a claim against any of the Defendants. (*Id*).

Plaintiff's Response fails to show that any actions taken by any city police officer or other official were directed towards him. Plaintiff's new assertion in Plaintiff's Response makes clear that he was across the street and only in the vicinity of the alleged "cloud of smoke." Plaintiff was thus not directly subjected to any chemical munitions as he alleged in his Complaint (*See* Complaint, docket #2, at 5). Additionally, Plaintiff left Chapman Square while the cloud of smoke he saw was across the street from him, and he was not struck by any police munitions as he left. Plaintiff therefore was not "attacked without notice by the Portland Police Bureau" as he alleges

---

[1] This Reply incorporates and responds to the additional facts offered by Plaintiff in Plaintiff's Response. If the Court considers those facts to be beyond the pleadings, the Court can exercise its discretion under FRCP 12(b)(6) to convert Defendants' Motion to Dismiss into a Motion for Summary Judgment so long as the Court affords the parties notice that the Court may look beyond the pleadings. *See, e.g., Hamilton Materials, Inc. v. Dow Chemical Corp.*, 494 F.3d 1203, 1207 (9th Cir. 2007).

[2] Defendants assume that Plaintiff is referring to Terry Schrunk Plaza, which is located across SW Madison St. from Chapman Square.

Page  2  –   DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION TO MAKE MORE DEFINITE AND CERTAIN

in his Complaint. (*See* Complaint, docket #2, at 5).

The critical elements of a First Amendment violation are whether Defendants' actions "would chill or silence a person of ordinary firmness from future First Amendment activities," and whether deterrence of the Plaintiff's speech was a substantial or motivating factor in the Defendant's conduct. *Mendocino Envtl. Ctr. v. Mendocino Cty.*, 192 F.3d 1283, 1300 (1999). Plaintiff fails to allege either of those elements. In neither his Complaint nor his Response does he assert that his political speech was deterred by police actions or that the actions of Defendants on that day would "chill or silence a person of ordinary firmness." *Id*. In fact, as discussed above, plaintiff has not alleged that any actions were taken by Defendants toward him. Moreover, if none of the Defendants' actions were directed at Plaintiff, then Plaintiff cannot prove that the Defendants intended to deter his speech through their conduct. Plaintiff therefore cannot state a First Amendment claim under 42 U.S.C. § 1983.

**B. Plaintiff's Response Raises a Question of Standing.**

Additionally, based on the new facts alleged in Plaintiff's Response, the court should dismiss this case with prejudice. Amendment of the Complaint would be futile because Plaintiff lacks standing to bring this case. Plaintiff's Response makes clear that he was not subjected to any use of force by police that chilled his First Amendment rights. He did not suffer any cognizable harm from the police actions regarding the June 4, 2017 protest and therefore lacks standing.

Although Plaintiff alleges that he was afraid of future actions by police following the protest, which the Court could potentially interpret as an allegation that the Defendants' actions chilled Plaintiff's speech, a subjective fear of chilled speech would not be enough to create a cognizable First Amendment injury. *Olagues v. Russoniello*, 770 F.2d 791, 797 (9th Cir. 1985), *citing Laird v. Tatum*, 408 U.S. 1, 13-14 (1972).

The U.S. Supreme Court addressed generalized allegations of chilled speech in the case

Page 3 –   DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION TO MAKE MORE DEFINITE AND CERTAIN

of *Laird v. Tatum*, in which the Court held that plaintiffs had failed to present a justiciable First Amendment controversy when they complained of a chilling effect on their First Amendment rights due to the existence and operation of an Army intelligence gathering system. *Laird*, 408 U.S. at 1. The court wrote in that case:

> In recent years this Court has found in a number of cases that constitutional violations may arise from the deterrent, or 'chilling,' effect of governmental regulations that fall short of a direct prohibition against the exercise of First Amendment rights…*In none of these cases, however, did the chilling effect arise merely from the individual's knowledge that a governmental agency was engaged in certain activities or from the individual's concomitant fear that, armed with the fruits of those activities, the agency might in the future take some other and additional action detrimental to that individual.* Rather, in each of these cases, the challenged exercise of governmental power was regulatory, proscriptive, or compulsory in nature, and the complainant was either presently or prospectively subject to the regulations, proscriptions, or compulsions that he was challenging.

*Id*. at 11 (emphasis added and internal citations deleted). The court held that "[a]llegations of a subjective 'chill' are not an adequate substitute for a claim of specific present objective harm or a threat of specific future harm." *Id*. at 13-14. Plaintiff's alleged fear of police is therefore too speculative and generalized to confer standing on him under the First Amendment.

Analogously, Plaintiff's claim in the present case is based on a subjective chill regarding police power, rather than on a specific present objective harm of threat of specific future harm to Plaintiff. The allegations in Plaintiff's Complaint and Response make clear that no City actions were targeted towards Plaintiff on June 4, 2017, and he therefore lacks standing to bring this case. The Court should dismiss this case with prejudice.

**C.    Plaintiff's Citation to *Ahmad v. City of St. Louis* is Unavailing.**

The lone legal citation in Plaintiffs' response is the case of *Ahmad v. City of St. Louis, Missouri*, No. 4:17-CV-2455-CDP, 2017 WL 5478410 (E.D. Mo., Nov. 15, 2017). In *Ahmad*, the matter before the court was a motion for preliminary injunction when St. Louis police officers used pepper spray on a group of protestors who were blocking city busses containing police

Page  4 –    DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION TO MAKE MORE DEFINITE AND CERTAIN

PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVENUE, RM 430
PORTLAND, OREGON 97204
(503) 823-4047

officers. 2017 WL 5478410, at *1. The *Ahmad* court, after holding a hearing on the merits of the preliminary injunction, issued an order enjoining St. Louis from using chemical agents against any person engaged in expressive, non-violent activity in the City of St. Louis, in the absence of probable cause to arrest a person and without first issuing clear and unambiguous warnings that a person would be subject to arrest and chemical agents and giving the person a sufficient opportunity to heed the warnings. *Id*. at *18.

*Ahmad* is distinguishable for several reasons. First, plaintiffs in that case alleged that the city "has a custom and policy of retaliating against plaintiffs and others for engaging in expressive activity in violation of the First Amendment," and the court analyzed the city's specific policy. *Id*. at *10. In contrast, Plaintiff merely alleges actions taken by individual, unidentified, police officers, not a policy or practice of the City of Portland. Second, plaintiffs in *Ahmad* were directly subjected to chemical agents when officers used pepper spray on them, *Id* at *1, while Plaintiff concedes that he left the protest following "a cloud of smoke coming towards us from Terry Shrunk Park." (Plaintiff's Response, at 3). Third, *Ahmad* arose in the context of a settlement agreement that the City of St. Louis had entered into in a different case where they had agreed to restrictions on their use of chemical agents. *Id*. at *7, *citing Alexis Templeton, et al., v. Sam Dotson, et al.*, No. 4-14-CV-2019-CEJ.

None of those circumstances are present in the current case. Plaintiff has not stated a claim for relief against the City, Plaintiff was not subjected to chemical agents, and the City Defendants have not violated any settlement agreement as the defendant allegedly did in *Ahmad*. Plaintiff's citation to *Ahmad* therefore does not support a denial of Defendants' Motion.

**D. Plaintiff Fails to State a Claim for Damages.**

Moreover, Plaintiff fails to state a claim for $500,000 in damages. As argued in Defendants' Motions, punitive damages are not available against the City of Portland, and Plaintiff fails to plead that the actions of any individually named Defendants were performed

Page 5 –   DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION TO MAKE MORE DEFINITE AND CERTAIN

PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVENUE, RM 430
PORTLAND, OREGON 97204
(503) 823-4047

willfully. (*See* Defendants' Motion at Section C.2, citing *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981); *Larez v. City of Los Angeles*, 946 U.S. 630, 639 (1991)). Moreover, Plaintiff cannot plead that the individual Defendants willfully acted against him, because Plaintiff was not subjected to police munitions. Plaintiff also fails to allege any physical harm, and it appears from Plaintiff's Response that he did not suffer any as a result of his attendance at the June 4, 2017 protest. Plaintiff has not pled a cognizable claim for $500,000 in damages.

### E. Plaintiff Fails to State a Claim Against Mayor Ted Wheeler.

Plaintiff's Response confirms that his suit is brought against Mayor Wheeler in his official capacity as Mayor and Police Commissioner of Portland. (Plaintiff's Response, at 4). The Court should therefore dismiss Mayor Wheeler as a redundant defendant. *Ctr. for Bio-Ethical Reform, Inc. v. Los Angeles Cnty. Sheriff Dep't*, 533 F.3d 780, 799 (9th Cir. 2008).

Even if Plaintiff's claim is made against Mayor Wheeler in an individual capacity, the Court should dismiss the claim because Plaintiff does not allege any specific actions or orders that the Mayor may have made regarding the June 4, 2017 protest. Plaintiff also does not allege that the Mayor had anything to do with how police carried out any orders. Rather, Plaintiff's Response simply states that the Mayor was a "decisionmaker" without offering any statements about what the Mayor ordered or connecting the Mayor to any police actions. (Plaintiff's Response, at 4). Without any such allegations, the Court cannot infer that the Mayor did anything regarding Plaintiff's presence at the June 4, 2017 protest. *See Moss v. U.S. Secret Service*, 572 F.3d 962, 971 (9th Cir. 2009) (dismissing viewpoint discrimination claims made against Secret Service Agents because there were no facts pled that they were involved in police moving a protest). Under *Moss*, even if the claim Plaintiff makes against Mayor Wheeler is an individual capacity claim, the Court should dismiss that claim.

### E. Plaintiff Cannot Name the Portland Police Bureau as a Defendant.

Plaintiff's Response fails to refute the clear precedent in the District Court of Oregon that

Page 6 –   DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION TO MAKE MORE DEFINITE AND CERTAIN

PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVENUE, RM 430
PORTLAND, OREGON 97204
(503) 823-4047

a city police department is not a separate entity from the city itself and thus is not amenable to suit in Oregon. (*See* Defendant's Motion, at Section E, citing *Wimett v. Sothern*, No. 3:12-cv-01406-HU, 2013 WL 3973866, at *3 (D. Or. July 31, 2013), citing *Keller v. City of Portland*, No. CV–98–263–ST, 1998 WL 1060222, at *3 (D. Or. Nov. 13, 1998); *see also Reitz v. Adams*, No. 3:13-cv-02025-AC, 2015 WL 1346127, at *8 (D. Or. Mar. 23, 2015) (citing other examples of the U.S. District Court of Oregon dismissing the Portland Police Bureau from lawsuits filed against it)). The Court should dismiss the claims made against the Portland Police Bureau.

Dated:  March 8, 2018

Respectfully submitted,

*/s/ Daniel Simon*
DANIEL SIMON, OSB # 124544
Deputy City Attorney
Telephone: (503) 823-4047

Page  7  –    DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION TO MAKE MORE DEFINITE AND CERTAIN

PORTLAND CITY ATTORNEY'S OFFICE
1221 SW 4TH AVENUE, RM 430
PORTLAND, OREGON 97204
(503) 823-4047

# CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION TO MAKE MORE DEFINITE AND CERTAIN on:

>Joseph Walsh
>7348 SE Division Street
>Portland, OR 97206
>*Pro Se Plaintiff*

on March 8, 2018 by causing a full, true and correct copy thereof, addressed to the last-known address (or fax number) of said attorney, to be sent by the following method(s):

☒ by **mail** in a sealed envelope, with postage paid, and deposited with the U.S. Postal Service in Portland, Oregon.

☐ by **hand delivery.**

☐ by **facsimile transmission.**

☐ by **email.**

>*/s/ Daniel Simon*
>Daniel Simon, OSB No. 124544
>Deputy City Attorney
>Email: dan.simon@portlandoregon.gov
>Fax: (503) 823-3089
>Attorney for Defendants

Page 1 – CERTIFICATE OF SERVICE