THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

JOSEPH WALSH,

    Plaintiff,

v.

CITY OF PORTLAND, et al.,

    Defendants

No. 3:17-cv-01899-PK

**ORDER**

**PAPAK, Magistrate Judge:**

Pro se Plaintiff Joseph Walsh brings this civil rights action against Defendants City of Portland, Mayor Ted Wheeler, and the Portland Police Bureau, alleging that Defendants violated his First Amendment rights during a protest on June 4, 2017 in downtown Portland. Defendants move to dismiss the Complaint for failure to state a claim. For the following reasons, I grant Defendants' motion to dismiss with prejudice as to the Portland Police Bureau and without prejudice as to Mayor Wheeler and the City of Portland. Plaintiff may file an amended complaint in accordance with this Order within thirty days.

## BACKGROUND

In his complaint, Plaintiff alleges:

> On June 4, 2017, I attended a large protest located in Chapman Park, Lowsdale Park and in front of City Hall.[1] I am a 75 yr. old veteran who is on 24/7 oxygen and is in poor health. I was attacked without notice by the Portland police using unknown chemical weapons. I had to be removed from the park before permanent damage was done to me.

Compl. 5, ECF No. 2.

In his response brief, Plaintiff includes further factual background, stating,

> The first indication that I had that something was wrong was a cloud of smoke coming towards us from Terry Shrunk Park[2] which was across the street from where we were sitting on the benches. I was pulled out of the park by Malcolm Chaddock who was in a panic because he feared for my health. We went two blocks to 4th Avenue and Mr. Chaddock got his private truck and took me out of the area. I was shaken and wondered for the next few days what would be the result of being exposed to this chemical. As we departed the park the police fired rubber bullets and used concussion grenades. We were all now terrified that we would be arrested or seriously injured by the actions of the police.

Pl.'s Resp. 3 (unpaginated document), ECF No. 19. Because Plaintiff is representing himself, I will treat the factual statements in his response brief as though they had been alleged in his complaint.

As the basis for federal question jurisdiction, Plaintiff cites the "Federal Constitution, 1st Amendment Rt. of Assembly[,] petition the government." Compl. 4. For relief, Plaintiff seeks "a permanent injunction against the City of Portland in the use of chemical warfare against their citizens." Compl. 6. Plaintiff also seeks $500,000 in damages "because of the severity of the

---

[1] Defendants state that Plaintiff is apparently referring to Chapman Square and Lownsdale Square. Defs.' Mot. Dismiss 2 n.1, ECF No. 15.

[2] Defendants state that they "assume that Plaintiff is referring to Terry Schrunk Plaza, which is located across SW Madison St. from Chapman Square." Defs.' Reply 2 n.2.

action taken by the" Portland Police Bureau." Compl. 6.

**MOTIONS TO DISMISS FOR FAILURE TO STATE A CLAIM UNDER RULE 12(B)(6)**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. Pro. 8(a)(2), and a complaint that fails to do so is subject to dismissal pursuant to Rule 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To show plausibility, the plaintiff must do more than show "a sheer possibility that a defendant has acted unlawfully." *Id.* The court is not required to accept a complaint's legal conclusions. *Id.* "Dismissal is proper when the complaint does not make out a cognizable legal theory or does not allege sufficient facts to support a cognizable legal theory." *Chubb Custom Ins. Co. v. Space Sys./Loral Inc.*, 710 F.3d 946, 956 (9th Cir. 2013). Bare assertions that amount to nothing more than a "formulaic recitation of the elements" of a claim "are conclusory and not entitled to be assumed true." *Iqbal*, 556 U.S. at 680-81. Even under the liberal pleading standard of Rule 8(a)(2), "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal citations and quotations omitted). "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

The court should construe the pleadings of a pro se litigant more leniently than those drafted by a lawyer. *See Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987). "'Unless it is

Page -3-    ORDER

absolutely clear that no amendment can cure the defect, . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action.'" *Garity v. APWU Nat'l Labor Org.*, 828 F.3d 848, 854 (9th Cir. 2016) (quoting *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam) (alteration in *Garity*)).

## DISCUSSION

Because Plaintiff cites the First Amendment as the basis for his claim here, I construe his claim as being under 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). The First Amendment protects activities such as demonstrations and protest marches. *Collins v. Jordan*, 110 F.3d 1363, 1371 (9th Cir. 1996).

### I. The Portland Police Bureau Is Not a Proper Defendant

Plaintiff names the Portland Police Bureau as a defendant. Defendants argue that the Portland Police Bureau should be dismissed because it is not subject to suit under § 1983. I agree. "'A city police department is not a separate entity from the city itself and thus is not amenable to suit. It is merely the vehicle through which the city fulfills its policing functions. Suit must be brought against the city itself.'" *Wimett v. Sothern*, No. 3:12-cv-01406-HU, 2013 WL 3973866, at *3 (D. Or. July 31, 2013) (quoting *Keller v. City of Portland*, No. CV-98-263-ST, 1998 WL 1060222, at *3 (D. Or. Nov. 13, 1998) (internal citations omitted by *Wimett*)). I dismiss the Portland Police Bureau with prejudice.

### II. Mayor Ted Wheeler

Plaintiff names Portland Mayor Ted Wheeler as a defendant. Plaintiff makes no

allegations about Mayor Wheeler. In his response brief, Plaintiff states, "The mayor of the city is also the Commissioner of Police and the highest ranking police officer in the leadership of the police bureau. That is why both the mayor and the police [are] listed as defendants, they are both decision makers and we should let a jury decide who did what after all the evidence is submitted at trial." Pl.'s Resp. 4-5.

Defendants argue that Mayor Wheeler should be dismissed from this action for two reasons. First, Defendants contend that because Plaintiff appears to name Mayor Wheeler only in his official capacity as mayor, he should be dismissed as a redundant defendant because the City of Portland is also named as a defendant. I agree. Because "[a]n official capacity suit against a municipal officer is equivalent to a suit against the entity, [w]hen both a municipal officer and a local government entity are named, and the officer is named only in an official capacity, the court may dismiss the officer as a redundant defendant." *Center for Bio-Ethical Reform, Inc. v. Los Angeles Cty. Sheriff Dep't*, 533 F.3d 780, 799 (9th Cir. 2008) (citations omitted). To the extent Wheeler is being sued in his official capacity, he is dismissed.

Second, Defendants argue that if Plaintiff is naming Mayor Wheeler in his individual capacity, Plaintiff has failed to allege that Wheeler personally took part in the alleged deprivation of Plaintiff's rights. To be liable under § 1983, a defendant must have personally participated in the alleged misconduct. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Because there is no *respondeat superior* liability under § 1983, *id.*, a supervisor cannot be liable merely because a subordinate engaged in illegal behavior. "A supervisor is liable under § 1983 for a subordinate's constitutional violations 'if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them.'" *Maxwell v. Cty. of San Diego*, 708 F.3d 1075,

Page -5-    ORDER

1086 (9th Cir. 2013) (quoting *Taylor*, 880 F.2d at 1045). Because Plaintiff has not alleged that Wheeler personally took part in the alleged deprivation of his rights, or that Wheeler knew of the alleged deprivations and failed to prevent them, I dismiss Wheeler as a defendant in his individual capacity without prejudice.

### III. City of Portland

Plaintiff names the City of Portland (the City) as a defendant. Defendants contend that Plaintiff has failed to state a claim against the City. I agree and dismiss Plaintiff's claim against the City without prejudice.

For Plaintiff to state a claim for violation of his rights under the First Amendment, he must plead facts showing that the defendant's conduct "deterred or chilled [the plaintiff's] political speech and such deterrence was a substantial or motivating factor in [the defendant's] conduct.'" *Mendocino Envtl. Ctr. v. Mendocino Cty.*, 192 F.3d 1283, 1300 (9th Cir.1999) (alterations in *Mendocino Envtl.*) (quoting *Sloman v. Tadlock*, 21 F.3d 1462, 1469 (9th Cir. 1994)). The question is whether the official's acts would "would chill or silence a person of ordinary firmness from future First Amendment activities." *Id.* (citations and quotation marks omitted).

Here, although Plaintiff alleges that he was "attacked without notice by the Portland Police," Compl. 5, he does not allege that any police officers attacked him or threatened to do so. Instead, he alleges (considering his statements in the Complaint and the response brief) that during the protest, he saw a cloud of smoke coming towards him from across the street, and another person then helped him leave the area to prevent exposure to the smoke. Plaintiff alleges that as he left the protest, police officers were firing rubber bullets and using concussion

Page -6-    ORDER

grenades, but he does not allege that the bullets or grenades were directed at him. He also alleges that in the days after the events, he feared that he had been exposed to a chemical agent, but he does not allege that he suffered any actual harm. Considering the allegations in the Complaint and the statements in Plaintiff's response brief together, I conclude that Plaintiff has failed to allege that the City or its police officers directed their actions against him. Plaintiff therefore has not stated a claim for a violation of his First Amendment rights. I agree with Defendants that Plaintiff's allegations about his fear of future police misconduct are not sufficient to show a First Amendment violation. *See Olagues v. Russoniello*, 770 F.2d 791, 797 (9th Cir. 1985) ("mere 'allegations of a subjective chill' do not suffice to present a justiciable claim") (quoting *Laird v. Tatum*, 408 U.S. 1, 13-14 (1972)).

Furthermore, the City may not be held vicariously liable under § 1983 for the actions of its subordinates. *Monell v. Dep't of Social Servs.*, 436 U.S. 658 (1978). To state a claim against the City, Plaintiff must show that his alleged constitutional injury was inflicted pursuant to a City policy, regulation, custom, or usage. *See Monell*, 436 U.S. at 690-91. In other words, Plaintiff must allege facts showing "'a direct causal link between a municipal policy or custom and the alleged constitutional deprivation.'" *Castro v. Cty. of Los Angeles*, 833 F.3d 1060, 1075 (9th Cir. 2016) (en banc) (quoting *City of Canton v. Harris*, 489 U.S. 378, 385 (1989)). Plaintiff has not alleged that he was harmed because the City had a custom or policy of suppressing First Amendment rights.

Plaintiff cites one decision in his response, *Ahmad v. City of St. Louis*, No. 4:17 CV 2455 CDP, 2017 WL 5478410 (E.D. Mo. Nov. 15, 2017). In *Ahmad*, the district court granted a preliminary injunction that prohibits the City of St. Louis from declaring an assembly unlawful

Page -7-    ORDER

unless there is an imminent threat of violence, and from using chemical agents against non-violent protesters unless the police first warned the protesters and gave them the opportunity to comply with the warnings. *Id.* at *18. The district court issued the preliminary injunction after taking testimony from 18 witnesses, and receiving photographic, video, and documentary evidence, finding that the plaintiffs had been subjected to pepper spray in retaliation for exercising their First Amendment rights. Unlike the plaintiffs in *Ahmad*, Plaintiff here has not alleged that he was directly affected by the police officers' alleged conduct.

## CONCLUSION

For the reasons provided above, Defendants' Motion to Dismiss, ECF No. 15, is GRANTED with prejudice as to Defendant Portland Police Bureau, and without prejudice as to Defendants Mayor Ted Wheeler and the City of Portland. Plaintiff may file an amended complaint correcting the deficiencies noted in this Order within thirty days.

Dated this 23rd day of May, 2018.

_____
Honorable Paul Papak
United States Magistrate Judge